IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| KEY REHABILITATION, INC. | ) Case No. 14-08206 |
| 1335 NW Broad St. | ) |
| Murfreesboro, TN 37129 | ) Judge Mashburn |
| | ) |
| Debtor. | ) |
| | ) |

_____

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: January 2, 2015**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: January 13, 2015 at 9:00 a.m., Courtroom One, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee, 37203**

_____

**NOTICE OF MOTION TO SELL ASSETS FREE AND CLEAR OF LIEN**

Key Rehabilitation, Inc. (the "Debtor") has asked the Court to approve its motion to sell certain of its assets free and clear of liens. A copy of the Motion and Proposed Order is attached.

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to enter the attached order, or if you want the court to consider your views on the order, then on or before **January 2, 2015**, you or your attorney must:

1. File with the court your written response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTIONS YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT https://ecf.tnmb.uscourts.gov**.

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday – Friday, 8:00 a.m. – 4:00 p.m.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing**,** and the motion to which you are responding.

3. If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE***

***HEARING DATE.*** You may check whether a timely response has been filed viewing the case on the Court's web site at <www.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: December 12, 2014.

Respectfully Submitted:

*/s/ William L. Norton, III*
William L. Norton, III (#10075)
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@babc.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| KEY REHABILITATION, INC. ) | Case No. 14-08206 |
| 1335 NW Broad St. ) | |
| Murfreesboro, TN 37129 ) | Judge Mashburn |
| ) | |
| Debtor. ) | |
| ) | |

**DEBTOR'S MOTION TO SELL ASSETS FREE AND CLEAR OF LIENS**

Key Rehabilitation, Inc. (the "Debtor"), hereby moves this Court (the "Motion") for entry of an Order authorizing the Debtor to sell certain assets of the Debtor free and clear of liens. In support of its Motion, the Debtor respectfully represents as follows:

**BACKGROUND**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1409.

2. On October 14, 2014 (the "Petition Date"), the Debtor filed with this Court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its businesses as debtor in possession. No creditors' committee, trustee or examiner has been appointed in these cases.

4. The Debtor is headquartered in Murfreesboro, Tennessee, and is in the business of providing physical therapy, occupational therapy, speech-language pathology, nurse consulting

and psychology services in Iowa, Kansas, Missouri, Nebraska, Oklahoma, South Dakota and Tennessee.

## RELIEF REQUESTED

5. The Debtor has reached an agreement with ReLive Rehab, LLC to sell division of the Debtor's operations known as ReLive Rehab Group (the "Assets") based in Wichita, Kansas pursuant to the terms and conditions of the Asset Purchase Agreement attached hereto as <u>Exhibit A</u>.

6. The Assets were operated by the Debtor to provide inhouse therapy services to customers and was being run by the owner of the proposed Purchaser.

7. The Debtor has concluded that this division was not profitable and accordingly has agreed to sell the assets "as is", effective December 1, 2014, for the purchase price of $1,500 and the assumption of operating costs as provided in the Asset Purchase Agreement. The lease of the property where the division was being operated has already been rejected effective December 1, 2014 by Order entered November 18, 2014.

8. The Assets are subject to the security interests of Franklin Synergy Bank, and it is the Debtor's understanding that the Bank will consent to the sale free and clear of its lien.

## BASIS FOR APPROVAL

9. Pursuant to 11 U.S.C. § 363(b), any sale of assets outside the ordinary course of business must be approved by the Court. Additionally, pursuant to 11 U.S.C. § 363(f), a sale cannot be approved free and clear of liens unless one of the provisions of §363(f) are satisfied.

10. The Sixth Circuit adopted the factors set forth in Lionel Corp in approving a sale of assets outside the ordinary course of business in *Stephens Industries, Inc. v. McClung*, 789

F.2d 386(6th Cir. 1986). The Court stated that a sale is permissible when court determines that the debtor's decision is based on sound business judgment.

11. Under the circumstances of this case, the sound business judgment dictates approval because the ReLive division was operating at a loss and the sale enables the Debtor to cut its administrative expenses associated with the lease and operations of that division as of December 1, 2014.

12. Upon the consent by Franklin Synergy to the sale of the Assets free and clear of their liens, approval of this sale is appropriate under §363(f)(2).

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form attached hereto as Exhibit B, granting this Motion and such other and further relief as the Court deems just and proper.

Respectfully Submitted:

*/s/ William L. Norton, III*
William L. Norton, III (#10075)
Alexandra E. Dugan (#30420)
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@babc.com
adugan@babc.com

*Attorneys for the Debtor*